NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2021*
Decided December 17, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2025

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 971 |
| JASON AUSTIN, | Joan H. Lefkow, |
| *Defendant-Appellant*. | *Judge*. |

## O R D E R

Nearly a decade after he was convicted of heroin and crack cocaine offenses, Jason Austin moved under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Stat. 5194, to reduce his sentence. The district court concluded that he was ineligible for relief under the act. We affirm.

Austin was convicted in 2012 of six counts: one for conspiracy to distribute controlled substances, namely heroin and crack cocaine, 21 U.S.C § 846, and five for distribution of crack cocaine. *Id*. § 841(a)(1). The jury made no specific drug-quantity finding other than attributing less than 100 grams of heroin to the conspiracy, subjecting Austin to the statutory penalties enumerated in 21 U.S.C. § 841(b)(1)(C). In 2014, the court sentenced Austin to 420 months' imprisonment (360 months for the conspiracy count and 60 months for each distribution count to run concurrent to one another and consecutive to the conspiracy count). We upheld Austin's sentence on appeal. *United States v. Austin*, 806 F.3d 425, 427 (7th Cir. 2015).

Austin moved in 2020 for a reduced sentence under the First Step Act, which made provisions of the Fair Sentencing Act of 2010 retroactive for certain defendants convicted of crack-related offenses. *See United States v. Shaw*, 957 F.3d 734, 737 (7th Cir. 2020). The Fair Sentencing Act, in relevant part, modified § 841(b)(1)(A)–(B) by increasing the amount of crack cocaine needed to trigger the subsections' statutory minimum penalties. *Id*.

The court denied Austin's motion, concluding that the Fair Sentencing Act did not apply to him because his counts of conviction did not carry statutory minimum penalties. The court added that if Austin wished to contest the guideline calculations, he needed to do so on direct appeal.

On appeal, Austin generally challenges the denial of his motion for a reduced sentence. But for Austin to be eligible for a possible sentence reduction under the First Step Act, the Fair Sentencing Act must have modified the statutory penalties for his offense of conviction. First Step Act § 404(a)–(b). As the Supreme Court recently held, however, the relevant Fair Sentencing Act provision modified the statutory penalties only for § 841(b)(1)(A) and § 841(b)(1)(B), but not for § 841(b)(1)(C). *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021). Because Austin's conviction was under § 841(b)(1)(C), *Terry* makes plain that the Fair Sentencing Act did not modify the statutory penalties for his conviction. *Id.* at 1863–64. As such, he is ineligible for a sentence reduction under the First Step Act.

AFFIRMED